IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                                           5:06CV179/MCR/MD

KINLEY HOWARD

## **REPORT AND RECOMMENDATION**

This matter is before the court upon a letter to the clerk, a § 2255, a motion for judgment of acquittal after guilty verdict and dismissal of indictment, or in the alternative, a new trial with change of venue, a subsequent motion to expand the record of 28 U.S.C. § 2255 writ of habeas corpus and an affidavit of alleged bias by trial judge against movant. Defendant was convicted of mail fraud, wire fraud and money laundering in the United States District Court for the District of Columbia in September of 2002 in case number 1:02cr79-RBW.[1]  It appears from the record that he was originally sentenced to a term of 46 months imprisonment, which was reduced on August 30, 2004 to 37 months. Defendant indicates that he was released from confinement over one year ago.  He now seeks judgment of acquittal and dismissal of the indictment or a new trial in a different venue, presumably this court.  He makes various claims of error in the proceedings against him, and alleges that his counsel was constitutionally ineffective.  He seeks review in this court because he resides in this district, this court has a lesser workload than the District of Columbia, and because the allegedly unlawful acts took place here.  He also claims that the district judge in the District of Columbia is biased against him.

---

[1]The corresponding civil forfeiture case was 1:01cv706--RBW.

Defendant has previously sought to challenge this same conviction in the Northern District of Florida. See case 4:05mc5-WCS. At that time, the direct appeal was still pending in his criminal case. Defendant was advised that if he sought § 2255 relief, he should file his motion **in the sentencing court** after conclusion of the appeal. (Case 4:05mc5-WCS, doc. 1). He was also advised to be mindful of the statute of limitations for filing § 2255 motions. The court characterized the defendant's submissions as "misdirected § 2255 pleading[s]," returned the pleadings to him without docketing, and directed the clerk to send a copy of the order to the Clerk of the United States District Court for the District of Columbia. That order was entered on February 2, 2005.

The defendant's situation has changed in that he has been released from custody and his appeal is no longer pending since the United States Court of Appeals for the District of Columbia Circuit granted his request to dismiss his appeal on September 9, 2005. (See Case 1:02CR79, Doc. 103). However, the propriety of this court as a forum for seeking review of the claims raised in his § 2255 motion and other attachments has not changed. A § 2255 motion is properly brought in the district of conviction, as defendant was informed over 18 months ago in Case 4:05mc5--WCS. Therefore, the defendant's motion should be transferred to the U.S. District Court for the District of Columbia.[2]

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence and accompanying pleadings be TRANSFERRED to the United States District Court for the District of Columbia.

At Pensacola, Florida, this 12th day of September, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Because defendant's pleadings were filed just under one year from the date his direct appeal of his criminal case was dismissed, the court finds that transfer, rather than dismissal without prejudice, is the more appropriate remedy.

*Case No: 5:06cv179/MCR/MD*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 5:06cv179/MCR/MD*